**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**FILED**
JAMES J. WALDRON, CLERK

**JULY 26, 2005**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

**NOT FOR PUBLICATION**

July 26, 2005

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Glenn R. Reiser, Esq.
LoFaro & Reiser, L.L.P.
55 Hudson Street
Hackensack, NJ 07601
*Attorneys for Defendants*
*Harbir S. Riar, Riar Petroleum Corp. and*
*Shan & Co.*

Jordan Wishnew, Esq.
Forman Holt & Eliades, LLC
218 Route 17 North
Rochelle Park, NJ 07662
*Attorneys for Debtors*
*Rabinder Singh and Navneet K. Riar*

Donald F. Campbell, Jr., Esq.
Nicolette & Perkins, P.A.
3 University Plaza, 5th Floor
Hackensack, NJ 07601
*Attorneys for Arvind Walia*

Stacey L. Meisel
Becker, Meisel LLC
Eisenhower Plaza II
354 Eisenhower Parkway, Suite 2800
Livingston, NJ 07039
*Trustee*

Re: **Arvind Walia v. Rabinder Singh, et al.**
      **Adv. Pro. No. 03-02810 (DHS)**

Doc # 53

Page 2
July 26, 2005

Dear Counsel:

Before the Court is the motion of non-debtor Defendants Harbir Riar, Riar Petroleum Corp., and Shan & Co. ("Riar Defendants") to dismiss the adversary complaint of Plaintiff Arvind Walia ("Plaintiff"). The motion is joined by the Debtor Defendant Rabinder Singh ("Debtor"), and is opposed by Plaintiff.

The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on October 3, 2002. The case was converted to Chapter 7 on April 24, 2003, and Stacey Meisel, Esq., was appointed Chapter 7 Trustee ("Trustee") on May 14, 2003.

Plaintiff is the holder of a $600,000 claim, which he alleges is secured both by a January 2, 2001 financing statement and a November 27, 2000 mortgage and mortgage note on the Debtor's residence. The secured status of Plaintiff's claim is challenged by the Riar Defendants and the Debtor Defendant (collectively the "Defendants"). The Trustee elected not to challenge the Plaintiff's claimed security interest. On June 25, 2004, the Trustee filed a report of no distribution in the underlying Chapter 7 case and requested to be discharged.

In November 2003, Plaintiff filed an adversary proceeding objecting to discharge and seeking to avoid alleged fraudulent conveyances (the "Complaint"). Plaintiff alleges that the Debtor's transfer of his 50% stock ownership in Riar Petroleum Corp. ("RPC") to his partner Harbir Riar constitutes a fraudulent conveyance which should be voided because of Plaintiff's alleged security interest in the stock.

On March 9, 2005, Plaintiff filed a motion seeking the Court's approval to file a derivative lawsuit on behalf of the estate, but withdrew the motion that same day.

Page 3
July 26, 2005

On March 17, 2005, the Riar Defendants filed this motion to dismiss Plaintiff's Complaint in its entirety as to them, and the Debtor joined the motion as to the fraudulent conveyance claims.[1] The Defendants state that Plaintiff, as an individual creditor, lacks standing to assert any avoidance powers because the Bankruptcy Code vests exclusive avoidance power in the Chapter 7 Trustee, and the Trustee took no action to recover the property on behalf of the Debtor's estate. Further, Plaintiff has even less right to bring this action, according to Debtors, as he is seeking to recover property for his own personal benefit, not for the benefit of the estate or the creditor body.

Defendants also claim there is no basis to substitute the Trustee as the real party in interest pursuant to Fed. R. Bankr. 7017(a), since the statute of limitations for the Trustee to bring an avoidance action expired and there was no undue mistake by Plaintiff. According to Defendants, the Trustee's filing of a report of no distribution constitutes a determination that the assets sought to be recovered by Plaintiff do not constitute property of the Debtor's bankruptcy estate, and thus, this Court lacks jurisdiction to preside over this adversary proceeding as to the fraudulent conveyance claims.

Plaintiff argues that § 544 does not prevent him from independently pursuing the state law fraudulent conveyance action in this Court so long as jurisdiction otherwise exists. Plaintiff claims that the disputed secured/unsecured status of his claim brings the action within the Court's jurisdiction because the action could benefit the estate if the claim is deemed unsecured. Plaintiff also encourages the Court to exercise jurisdiction

---

[1] Counts 5 and 6, the fraudulent conveyance counts of the Complaint, are the only counts subject to the motions to dismiss. Those are the only counts that pertain to the Riar Defendants, and are the counts to which the Debtor joins.

on equitable grounds to spare Plaintiff from having to litigate the non-dischargeability claims of the Complaint in this Court and the fraudulent conveyance claims in another court.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A), (B), (E) and (H). Venue is appropriate under 28 U.S.C. § 1409.

### LEGAL CONCLUSION

Federal Rule of Civil Procedure Rule 12(b)(6) is made applicable to adversary proceedings in bankruptcy court by operation of Federal Rule of Bankruptcy Procedure 7012(b). Pursuant to Rule 12(b)(6), a plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted if a defendant demonstrates "'beyond a doubt that [the] plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief.'" Griesenbeck v. Am. Tobacco Co., 897 F. Supp. 815, 819 (D.N.J. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957)). All allegations set forth in the complaint must be accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. See id. (citations omitted).

A federal court reviewing the sufficiency of a complaint has a limited role. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support his [or her] claims.'" Syncsort Inc. v. Sequential Software, Inc., 50 F. Supp. 2d 318, 325 (D.N.J. 1999) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)). In order to grant a 12(b)(6) motion to dismiss, the court must find that the plaintiff will be unable to prevail even if he or she proves all of the

Page 5
July 26, 2005

allegations in the complaint, basing its decision solely on the legal sufficiency of the complaint. Poling v. K. Hovnanian Enters., 99 F. Supp. 2d 502, 507 (D.N.J. 2000) (citation omitted). See also Syncsort, 50 F. Supp. 2d at 325 ("A complaint may be dismissed for failure to state a claim where it appears beyond any doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations.").

Assuming Plaintiff is a secured creditor, as alleged, there are no grounds, statutory or equitable, upon which to find that standing exists for a secured creditor for its own benefit to pursue a state law fraudulent conveyance action in the bankruptcy court.

Fraudulent conveyance actions pursued in the bankruptcy court are governed by sections 544 and 548 of the Code. See 11 U.S.C. §§ 544, 548 (West 2004). Plaintiff acknowledged during oral argument that he has no claim under § 548.

Section 544 is titled "Trustee as lien creditor and as successor to certain creditors and purchasers." That provision states in part:

> (b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

[11 U.S.C. § 544(b)(1) (West 2004).]

Section 544(b) expressly grants avoiding powers to the trustee. Plaintiff encourages the Court to interpret § 544(b) as providing simply that the trustee may seek recovery, but not precluding others, i.e., secured creditors, from such action.

Page 6
July 26, 2005

In Hartford Underwriters, the United States Supreme Court addressed an analogous issue when it determined whether section 506(c) of the Bankruptcy Code provides an administrative claimant an independent right to seek payment of its claim from property encumbered by a secured creditor's lien. See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1 (2000). Section 506(c) provides: "The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." See 11 U.S.C. 506(c) (West 2004) (emphasis added). The secured creditor in Hartford argued that the administrative claimant is not a proper party to seek recovery under § 506(c). The Court agreed, interpreting the phrase "the trustee may" as excluding all parties except the trustee. See Hartford, 530 U.S. at 6. In explaining its holding, the Court reasoned that:

> Congress "says in a statute what it means and means in a statute what it says there," Connecticut Nat. Bank v. Germain, 503 U.S. 249, 254 (1992). As we have previously noted in construing another provision of § 506, when "the statute's language is plain, 'the sole function of the courts'" – at least where the disposition required by the text is not absurd" – 'is to enforce it according to its terms.'" United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989). Here, the statute appears quite plain in specifying who may use § 506(c)–"[t]he trustee." It is true, however, as petitioner notes, that all this actually "says" is that the trustee may seek recovery under the section, not that others may not. The question thus becomes whether it is a proper inference that the trustee is the only party empowered to invoke the provision. We have little difficulty answering yes.
>
> [Id.]

The Court goes on to discuss several contextual features of the language of § 506 that support such an interpretation. First, when a statute specifically names a party to which its powers are invoked, that party

Page 7
July 26, 2005

alone may act. See id. at 7 (citation omitted). Second, it is reasonable to assume Congress wanted to grant unique and exclusive powers to the trustee since the trustee plays a unique role in bankruptcy cases. See id. Finally, had Congress intended for any party to invoke the § 506 powers, it would not have named any party at all, or named "a party in interest," as it did in many other provisions. See id.

Similar to Hartford, this is a Chapter 7 case with a trustee, and the movant is a secured creditor proceeding independently of the Trustee and seeking to recover property for itself, and not for the benefit of the estate. Therefore, the Supreme Court's statutory analysis clearly applies. Like § 506, § 544(b) specifically identifies the trustee as the party to which its powers are invoked. It is reasonable to assume that Congress wanted the Chapter 7 trustee to play a unique role in avoiding fraudulent transfers for the benefit of the estate. Finally, Congress could have written § 544(b) to include any party in interest if that is what it had intended. Thus, this Court holds that § 544(b) does not grant avoidance power to a secured creditor to pursue, independent of the trustee, an avoidance action on its own behalf in a Chapter 7 case.

Several courts have held that Hartford does not prevent courts from allowing creditors or creditors' committees to bring derivative avoidance actions on behalf of the estate in limited conditions. See generally Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, 330 F.3d 548 (3d Cir. 2003) (allowing unsecured creditors' committee to bring avoidance action on behalf of the estate where Chapter 11 debtor in possession refused to do so, no trustee had been appointed, and the action would benefit the estate), In re Commodore Int'l. Ltd., 262 F.3d 96, 100 (2d Cir. 2001) (holding that a creditors' committee may pursue a debtor or trustee's claims if it has consent of the debtor or trustee and the court finds that suit is in the best interest of the bankruptcy estate); In re Gibson Group, Inc., 66 F.3d 1436 (6th Cir.

Page 8
July 26, 2005

1995) (holding that a single creditor or committee may have derivative standing in a Chapter 11 case if the claim would benefit estate, and debtor in possession unreasonably refuses to bring an action). Each of these cases requires either the trustee or debtor's consent and/or an unreasonable refusal by those parties to pursue an action upon demand. Such is the nature of a derivative action. Neither has happened here. Plaintiff has not, and does, not seek derivative standing, nor does he have the consent of the Debtor or the Trustee, and never made a demand on either of those parties. Accordingly, the §544 derivative standing cases do not apply.

This statutory analysis is consistent with the policy of the Bankruptcy Code. It is axiomatic that avoidance powers are used to maximize the value of the bankruptcy estate that will be distributed evenly to creditors. See In re G-I Holdings, Inc., 313 B.R. 612, 627 (Bankr. D.N.J. 2004). A secured creditor's independent action to recover property for himself does nothing to maximize the bankruptcy estate. Therefore, there is no foundation for an action unrelated to the bankruptcy estate to be resolved in the bankruptcy court. In short, the bankruptcy court is not to be used as a collection forum for secured creditors. See In re Integrated Agri, Inc., 313 B.R. 419, 425 (Bankr. C.D. Ill. 2004) (citing In re Crisp, 26 B.R. 274, 275 (Bankr. W.D. Ky. 1982).

The Plaintiff wrongly relies on a Minnesota bankruptcy case, In re Mathiason, 129 B.R. 173 (Bankr. D. Minn. 1991), for his argument that § 544(b) does not prevent him from proceeding on equitable grounds with his state law claims in bankruptcy court. First, the Court notes that Mathiason dealt primarily with the allocation of attorney's fees in a fraudulent conveyance action litigated by the trustee, and the issue of a secured creditor's standing was only addressed in a footnote. Second, that court's suggestion that a secured

creditor might have standing to pursue fraudulent conveyance claims in bankruptcy was in the context of joining the trustee in such an action. Finally, that decision is in the minority of cases to address the issue, including a subsequent decision by the same court. See, e.g., Integrated Agri, 313 B.R. at 427 (commencement of a bankruptcy case gives the trustee the right to recover fraudulently conveyed assets to the exclusion of all creditors, and only upon the expiration of the trustee's rights can a creditor commence a fraudulent transfer action in a non-bankruptcy forum); In re Michener, 217 B.R. 263, 270 (Bankr. D. Minn. 1998) (secured creditors' lien enforcement rights are not subsumed by the trustee's avoidance powers; creditor can pursue the action in a non-bankruptcy forum); In re Perkey, 194 B.R. 846, 848 (Bankr. W.D. Mo. 1996) (a fraudulent transfer action must be in the name of the bankruptcy estate as the party in interest, and the trustee, as representative of the estate and unsecured creditors, is the only party who may bring that action); In re R & B Samons, Inc., 75 B.R. 145, 146 (Bankr. D. S.D. 1987) (a secured creditor has no standing to pursue causes of action vested solely in a trustee under applicable bankruptcy law without court authorization, and only upon trustee's unreasonable refusal to pursue such causes).

Even if this Court were to rule that a secured creditor did have standing to proceed with a state law claim, the Court would not have jurisdiction because the outcome of a secured creditor's action to recover property from a non-debtor party for the secured creditor's sole benefit would have no effect on the estate being administered in bankruptcy. See Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984) (rev'd on other grounds) (test for "determining whether a proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy"); see also Integrated Agri, 313 B.R. at 429 (no jurisdiction exists over a secured creditor's state law fraudulent transfer

Page 10
July 26, 2005

action because it would not effect the estate or administration of the case); In re Michener, 217 B.R. at 270-71 (finding no federal jurisdiction exists over a lien enforcement action in which the bankruptcy estate has no interest).

Plaintiff, however, claims that the action is within this Court's jurisdiction because his secured status is disputed. If the claim were to be declared unsecured, the Plaintiff argues, the action becomes a core proceeding since the property, if recovered, would be an asset of the estate. Thus, the status of the instant claim is a threshold determination that controls more than just the nature of the claim. It dictates what type of action the fraudulent transfer action is, which in turn determines who has standing to bring the action and whether the action belongs in this Court. In other words, if Plaintiff's claim is secured then the fraudulent transfer action is an action based on state law to recover non-estate property from non-Debtor parties without benefit to the estate. Such a matter is wholly unrelated to bankruptcy and the Court lacks jurisdiction to hear it. See Integrated Agri, 313 B.R. at 429; Michener, 217 B.R. at 270-71. However, if Plaintiff's claim is merely unsecured, then, in that instance, the Trustee becomes the proper party to bring an avoidance action on behalf of unsecured creditors pursuant to § 544(b), and the Court would have core proceeding jurisdiction. See G-I Holdings, Inc., 278 B.R. 725, 734 (Bankr. D.N.J. 2002) (bankruptcy court has core proceeding jurisdiction if proceeding invokes substantive right that could only arise in bankruptcy context).

So, while it is true that Plaintiff's claim – if unsecured – would be within the Court's jurisdiction, it is also true that the right to sue on that claim would no longer belong to the Plaintiff, an unsecured creditor. It belongs to the Trustee under § 544(b). See Michener, 217 B.R. at 270. Thus, if Plaintiff's claim in unsecured,

Page 11
July 26, 2005

it would be appropriate to substitute the Trustee as the real party in interest to pursue a fraudulent transfer action, if one is viable.

Fed. R. Bankr. P. 7017 states that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." See Fed. R. Bankr. P. 7017(a) (West 2004). This provision allows correction of parties "when there has been an honest mistake in choosing the nominal plaintiff, meaning that determination of the proper party was somehow difficult at the time of the filing of the suit, or that the mistake is otherwise understandable." Lans v. Gateway 2000, Inc., 84 F. Supp. 2d 112, 120 (D.D.C. 1999); see also 6A Wright & Miller, Federal Practice and Procedure § 1555. Here, the Trustee, based upon the secured claim as asserted by Plaintiff, had obvious reason to believe the avoidance of any transfer would not benefit the estate. This is because the Plaintiff's assertion of a secured claim masked the true nature of the claim (if it is unsecured), and thus affected the Trustee's analysis. If the Plaintiff's claim is unsecured, barring the Trustee – the only party who may bring the action – from fulfilling her fiduciary duty of maximizing the estate would serve as a windfall to the Defendants and an injustice to the estate and creditors. Such injustice is exactly what party correction is supposed to prevent. See Lans, 84 F. Supp. 2d at 120.

The statute of limitations for the Trustee to assert avoidance powers under section 544 of the Bankruptcy Code expired October 3, 2004, pursuant to § 546(a)(1)(A). Thus, Defendants argue the Trustee cannot be joined or substituted since the § 546 statute of limitations has expired.

Page 12
July 26, 2005

However, the Trustee may be allowed to join the Plaintiff's action under the doctrine of equitable tolling. See 5 Collier ¶ 546.02 (15th ed.) (limitations period in § 546(a) may be equitably tolled when extraordinary circumstances beyond the trustee's control make it impossible to file timely claims); see also In re M & L Business Mach. Co., Inc., 75 F.3d 586, 591 (10th Cir. 1996). Under the doctrine of equitable tolling, "plaintiffs may sue after the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." In re G-I Holdings, Inc., 313 B.R. 612, 647 (Bankr. D.N.J. 2004) (quoting Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999); see also Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 504 (3d Cir. 1998) (noting that "equitable tolling doctrines are read into every federal statute of limitation."); In re Harry Levin, Inc, 175 B.R. 560, 579 (Bankr. E.D. Pa. 1994) (stating that the equitable tolling doctrine applies to § 546(a)(1) of the Bankruptcy Code).

To invoke the doctrine of equitable tolling, a plaintiff must demonstrate that he or she exercised reasonable diligence in investigating and bringing his or her claim. See G-I Holdings, 313 B.R. at 648 (citing New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)). Ordinarily, equitable tolling may be appropriate where: 1) the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; 2) the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or 3) the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. See id. at 648; see also Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (equitable tolling is an appropriate remedy when principles of equity would make a rigid application of the statute of limitations unfair).

Page 13
July 26, 2005

Here, the nature of the claim as asserted by Plaintiff prevented the Trustee from pursuing – or properly analyzing whether to pursue – an action to avoid the alleged transfer under § 544(b). Under these circumstances, until the status of the claim is known, the statute of limitations is tolled. Defendants claim that the Trustee was aware that the Defendants challenged Plaintiff's status as a secured creditor. This challenge alone is not sufficient, since the Trustee lacked, and continues to lack, standing to pursue an avoidance action unless and until the claim is deemed unsecured. See In re United Ins. Mgt., Inc., 14 F.3d 1380, 1387 (9th Cir. 1994) (commenting that an assignee's prior knowledge of claims against the defendant were irrelevant to equitable tolling because assignee did not have standing until after assignment). Finally, the purpose of statutes of limitation – to prevent the assertion of stale claims – is not contradicted by allowing the Trustee to join in the action and to proceed. See Harry Levin, 175 B.R. at 576 (statute of limitation is intended to prevent litigation of stale claims). The claim is anything but stale – it is preserved in this adversary proceeding and ongoing – and the outcome of the action by the Trustee will be final and binding on all parties.

In summary, the contingent status of the Plaintiff's claim creates two distinct and separate possible results. In order to determine the appropriate outcome, the Court must first determine the status of Plaintiff's claim. To that end, the Court will hold a hearing to determine whether the Plaintiff's claim is secured or unsecured. The Court further orders that the Trustee be joined as a party in interest so that she may, if she so elects, pursue an avoidance action for the benefit of the estate under § 544(b) should the claim ultimately be deemed unsecured. If Plaintiff's claim is determined to be a secured claim, then, as a matter of law, Plaintiff lacks standing, the Court lacks jurisdiction, and the motion to dismiss shall be granted.

Page 14
July 26, 2005

      Accordingly, a hearing to determine and fix the extent and validity of Plaintiff's secured claim is hereby scheduled for September 29, 2005 at 10:00 a.m. Plaintiff has the burden of going forward in proof of the secured status of his claim.

                                              Very truly yours,

                                      s/ Donald H. Steckroth
                                         DONALD H. STECKROTH
                                         UNITED STATES BANKRUPTCY JUDGE

Enclosure